UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Segundo Nolberto Gualpa-Lumbi,                                      Case No. 4:26-cv-38

            Petitioner,

      v.                                                                    MEMORANDUM OPINION
                                                        AND ORDER

Warden Kenneth Hoover, *et al.*,

            Respondents.


## I.    INTRODUCTION AND BACKGROUND

On July 28, 2022, Petitioner Segundo Nolberto Gualpa-Lumbi, an Ecuadorian citizen, was issued a notice to appear before an immigration judge after a United States Department of Homeland Security ("DHS") officer determined Gualpa-Lumbi had entered the United States without being inspected by an immigration officer.  (*See* Doc. No. 5-1).  He was not taken into custody at that time.  Gualpa-Lumbi admitted removability in November 2024 and applied for asylum on December 11, 2024.  (Doc. No. 1-4 at 2).  Gualpa-Lumbi was issued an employment authorization on July 29, 2025, (Doc. No. 1-8 at 9), but he was detained the following day during a traffic stop.  (*Id.* at 7).  Gualpa-Lumbi initially was detained at a federal detention facility in Batavia, New York before being transferred to the Northeast Ohio Correctional Center in Youngstown, Ohio, ("NEOCC"), where he remains in the custody of United States Immigration and Customs Enforcement ("ICE").  (*Id.* at 8).

Gualpa-Lumbi twice moved for bond before an immigration judge.  Both motions were denied because the immigration judge allegedly lacked jurisdiction to set bond.  (Doc. Nos 5-2 and

5-4). Gualpa-Lumbi filed an appeal with the Board of Immigration Appeals, (Doc. No. 5-5), before filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his continued federal civil immigration detention while his application for asylum is pending. (Doc. No. 1). Magistrate Judge James R. Grimes Jr. reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I grant Gualpa-Lumbi's petition. (Doc. No. 7). The government filed objections to Judge Grimes's Report and Recommendation. (Doc. No. 8). Gualpa-Lumbi filed a response to the government's objections, (Doc. No. 9), as well as a motion for a ruling. (Doc. No. 10). For the reasons stated below, I respectfully decline to adopt Judge Grimes's well-reasoned Report and Recommendation and dismiss Gualpa-Lumbi's petition without prejudice.

## II.    DISCUSSION

In his petition, Gualpa-Lumbi named as Respondents Kenneth Hoover, the Warden of NEOCC; Robert Lynch, an ICE field office director; Todd Lyons, the Director of ICE; Kristi Noem, the then-Secretary of DHS; and the Attorney General of the United States.[1] (Doc. No. 1 at 9). Judge Grimes recommended I dismiss the Director of Ice, the Secretary of DHS, and the Attorney General from this litigation because the proper respondent in a habeas petition filed by a noncitizen detainee is the field officer director of the ICE field office with authority over the district in which the petitioner is detained. (*See* Doc. No. 7 at 6, n.4).

The government argues for the first time in its objections to Judge Grimes's Report and Recommendation, rather than in the return of writ, that Gualpa-Lumbi's petition also must be dismissed as to Hoover and Lynch because neither of those individuals is the field office director of the Detroit ICE Field Office, which is the field office with custody over noncitizens detained by ICE in Ohio. (Doc. No. 8 at 4).

---

[1]  The petition names Merrick Garland as the Attorney General, (Doc. No. 1 at 9), though Pamela Bondi was the Attorney General at the time Gualpa-Lumbi filed his petition.

2

The United States Court of Appeals for the Sixth Circuit has held that in petitions filed by noncitizen detainees, the individual with day-to-day control over the detainee – and thus the proper respondent in a § 2241 petition – is the ICE field office director "for the district where a detention facility is located." *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). The government represents that Kevin Raycraft, not Lynch, is the Director of the Detroit ICE Field Office. (Doc. No. 8 at 3). *See also Alberto-Alvarenga v. Aumille*, Case No. 3:25-cv-02644, 2026 WL 607956, at *5 (N.D. Ohio Mar. 4, 2026) (identifying Raycraft as the director of the ICE field office responsible for ICE detainees in Ohio).

There appears to be no dispute that Raycraft is Gualpa-Lumbi's custodian. And binding Sixth Circuit precedent compels the conclusion that Raycraft is the proper respondent in this case. Because Raycraft is not a party to this case, I lack jurisdiction to adjudicate Gualpa-Lumbi's petition. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885))).

The Sixth Circuit held in *Roman* that there may "extraordinary circumstances [that make] it . . . necessary to depart from the immediate custodian rule in order to preserve a petitioner's access to habeas corpus relief," by making an exception to the immediate custodian rule, such as when the petitioner's physical location is not disclosed by the immediate custodian or when a noncitizen detainee is frequently transferred to other ICE detention facilities after filing a habeas petition. *Roman*, 340 F.3d at 325. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (citing *Ex parte Endo,* 323 U.S. 283 (1944), "for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

3

Federal courts in this Circuit have held that this language in *Roman* supports the conclusion that the Secretary of DHS and the Attorney General also may be proper respondents in cases like this one, even though those individuals are not the detainee's immediate custodian. *See, e.g., Sanchez Alvarez v. Noem*, 807 F. Supp. 3d 777, 791 (W.D. Mich. 2025) (relying on *Roman* to deny motion to dismiss the DHS Secretary in § 2241 proceedings); *Gimenez Gonzalez v. Raycraft*, 807 F. Supp. 3d 755, 763 (E.D. Mich. 2025) (same as to the Attorney General). But I conclude the record in this case does not sufficiently establish an exception based upon extraordinary circumstances is appropriate here, as Gualpa-Lumbi's petition will be dismissed without prejudice and his immediate custodian is now clearly identified.

### III.   CONCLUSION

For the reasons stated above, I decline to adopt Magistrate Judge James E. Grimes Jr.'s thorough and well-reasoned Report and Recommendation. (Doc. No. 7). I conclude this Court lacks jurisdiction to adjudicate the habeas petition filed by Segundo Nolberto Gualpa-Lumbi, and I dismiss the petition without prejudice. (Doc. No. 1). I deny Gualpa-Lumbi's other motions, (Doc. Nos. 9 and 10), as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge